**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: ) | CASE No. | 17-21477 (JJT) |
| ) | | |
| MARIANE RAUCCI, ) | CHAPTER | 13 |
| DEBTOR. ) | | |
| ) | RE: ECF No. | 134 |

## RULING ON DEBTOR'S OBJECTION TO PROOF OF CLAIM 5-3

I.   INTRODUCTION

Before this Court is the objection (ECF No. 134) of the debtor, Mariane Raucci ("Debtor"), to Proof of Claim 5-3 ("Claim 5"), the second amended proof of claim filed by River's Edge Condominium Association of Southington ("River's Edge"). The Debtor argues that Claim 5, the pre-petition assessments of fines, work orders, and fees asserted post-petition (hereinafter referred to as "post-petition assessments"), violate the automatic stay. The Debtor also argues that the post-petition costs and attorney's fees awarded in an underlying foreclosure action were not permitted by this Court's order granting relief from stay (ECF No. 60). The Court heard testimony and received exhibits on October 17, 2018 (ECF No. 147). Having considered the evidence and the parties' arguments, the Court agrees with the Debtor that the post-petition assessments herein are barred by the automatic stay, but disagrees with her that the costs and attorney's fees awarded in the foreclosure action were not permitted by this Court's order. Therefore, the objection to Claim 5 is SUSTAINED in part and OVERRULED in part.

II.    OBJECTION TO ASSESSMENTS

First, the Debtor objects to Claim 5 to the extent that it seeks amounts allegedly owed for post-petition assessments for fines, work orders, and late fees based upon the alleged continuation of pre-petition behaviors, arguing that each is barred by the automatic stay. Styled differently, River's Edge argues that the pre-petition assessments were calculated to have continuing post-petition effect. Claim 5, according to River's Edge's filing, consists of the following components:

| | |
|---|---|
| Debt through July, 2018 | $13,317.82 |
| Less: Payment Received | ($253.62) |
| Post-Petition Fines/Chargebacks | $9,150.00 |
| Bill of Costs | $350.00 |
| Second Supplemental Bill of Costs | $1,216.08 |
| Committee's Estimated Fees and Costs | $4,317.70 |
| Attorney's Fees—awarded 8/7/17 | $4,810.00 |
| Attorney's Fees—awarded 7/19/18 | $14,343.75 |
| TOTAL | $47,251.73 |

The proof of claim is not specific as to what amounts of the first line, "Debt through July, 2018," are pre- and post-petition. In an affidavit of debt (Ex. 9) filed with this Court, River's Edge avers that the Debtor's pre-petition fines, work order assessments, and late fees amount to $2,087.70, and her post-petition fines, work order assessments, and late fees amount to $11,902.04. The assessments had been established after a hearing by River's Edge, pursuant to a decision letter dated December 6, 2016 (Ex. 4); however, no additional proceedings were commenced after the Debtor's filing for bankruptcy—nor was relief from stay sought to do so—and the assessments continued as they had pre-petition. The fines continued to accrue at the rate of $50.00 per day and the late fees at the rate of $25.00 per month until April 20, 2018 without regard to the intervening bankruptcy or a post-petition hearing on whether any actual violations continued. Ex. 9.

A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Unless a party in interest objects, it is deemed allowed. 11 U.S.C. § 502(a). The objecting party must "produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Driscoll*, 379 B.R. 415, 420 (Bankr. D. Conn. 2008) (citations and internal quotation marks omitted). "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant." *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003) (citation and internal quotation marks omitted).

Section 362(a)(6) of the Bankruptcy Code provides that "a petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of . . . any act to collect, *assess*, or recover a claim against the debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(6) (emphasis added). The scope of the automatic stay is broad. *Dennison v. Davis (In re Dennison)*, 321 B.R. 378, 382 (Bankr. D. Conn. 2005); 3 Collier on Bankruptcy ¶ 362.03 (Richard Levin & Henry J. Sommer, eds., 16th ed.).

"Statutory interpretation always begins with the plain language of the statute . . . which [this Court] consider[s] in the specific context in which that language is used, and the broader context of the statute as a whole. . . . If the statutory language is clear, a court's analysis must end there." *In re SIMA Int'l, Inc.*, 2018 WL 2293705, at *10 (Bankr. D. Conn. May 17, 2018) (citations omitted).

The Court assumes the parties' familiarity with the material facts, which they do not dispute. In essence, the Debtor argues that the continuing post-petition assessments violate 11

U.S.C. § 362(a)(6). River's Edge, acknowledging that the charges are assessments under Conn. Gen. Stat. § 47-257, nevertheless asserts that applying the automatic stay to its assessments is at odds with 11 U.S.C. § 523(a)(16), which pertains to condominium assessments due and payable after the order for relief. Under a plain reading of that statute, however, this Court fails to see how § 523(a)(16) is relevant to assessments that arose pre-petition but then continued uninterrupted post-petition despite clear language in § 362(a)(6) forbidding the assessment of pre-petition claims after the filing of a bankruptcy petition.[1] River's Edge also has advanced no argument that there is any applicable exception to the automatic stay under 11 U.S.C. § 362(b). Therefore, to the extent that Claim 5 includes assessments for fines, work orders, and late fees asserted for the post-petition period, such assessments are disallowed.

III.    OBJECTION TO COSTS AND ATTORNEY'S FEES

Second, the Debtor objects to Claim 5 to the extent that it includes post-petition costs and attorney's fees awarded in the underlying foreclosure action, arguing that "such award[s] w[ere] not permitted under this Court's Order granting Relief from Stay . . . and which were not reviewed for reasonableness by any Court." (ECF No. 134). That order (ECF No. 60) granted River's Edge the ability to proceed with its foreclosure. "The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact." Conn. Gen. Stat. § 52-249(a). A plain language reading makes evident, then, that costs and

---

[1] The Court is also troubled by what it views as a failure of proof that the alleged conduct continued each day, when testimony before this Court established that the former property manager surveyed River's Edge, at most, twelve times per month and never actually observed the Debtor's dogs—or, frankly, any animal—defecating in the vicinity of the Debtor's unit. The fact that the assessments continued post-petition without any additional process is equally troubling. The combined total of the pre-petition and post-petition assessments for this conduct was $13,989.74.

attorney's fees are encompassed in the foreclosure process. As such, this Court's grant of relief from stay to pursue foreclosure, without any qualification, was sufficiently broad as to allow River's Edge to seek its costs and attorney's fees. As for the reasonableness of the awards, principles of res judicata prevent this Court from revising that which was already ruled upon in state court. *See Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 812–13, 695 A.2d 1010 (1997); *see also Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). Therefore, River's Edge's foreclosure costs and attorney's fees are properly part of Claim 5.

IV.  CONCLUSION

Having considered the parties' arguments, the Court adjudges, orders, and decrees that:

1. The objection to Claim 5 pertaining to assessments of fines, work orders, and late fees for the post-petition period is SUSTAINED and the claim shall accordingly be reduced by $11,902.04; and

2. The objection to Claim 5 pertaining to costs and attorney's fees is OVERRULED.[2]

In the absence of an appeal and corresponding stay within fourteen (14) days of this order, the Debtor's counsel is authorized to disburse the escrowed funds held pursuant to this Court's Order to Sell Free and Clear (ECF No. 132) to the Debtor.

IT IS SO ORDERED at Hartford, Connecticut this 14th day of November 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[2] The Debtor made clear at the October 17, 2018 hearing that she was not challenging any amount of Claim 5 pertaining to pre-petition assessments, costs, or attorney's fees. Such amounts, then, remain properly part of Claim 5.